JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

VANESSA RANSOM-ELLISON

**DEFENDANTS**

THE CHILDREN'S HOSPITAL OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia. PA 19103; 267-273-1054

Attorneys *(If Known)*

Benjamin L. Shechtman

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 862 Black Lung (923) | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | |
| | | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq.

Brief description of cause:
DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Nov 25, 2024 | /s/ Mary Kramer |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 3401 Civic Center Boulevard, Philadelphia, PA 19104 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------
VANESSA RANSOM-ELLISON                    :
5409 W. Montgomery Avenue, #29            :
Philadelphia, PA 19131                    :        Civil Action No.: _____
                                          :
                           Plaintiff,     :        **JURY TRIAL DEMANDED**
                                          :
            v.                            :
                                          :
THE CHILDREN'S HOSPITAL                   :
OF PHILADELPHIA                           :
3401 Civic Center Boulevard               :
Philadelphia, PA 19104                    :
                                          :
                           Defendant.     :
-----------------------------------------------------------

**COMPLAINT – CIVIL ACTION**

Plaintiff, Vanessa Ransom-Ellison ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, The Children's Hospital of Philadelphia ("Defendant"), alleges as follows:

**INTRODUCTION**

1.      Plaintiff initiates this action contending Defendant has violated her rights protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §§ 9-1101, *et seq*., by failing to accommodate her request(s) for a reasonable accommodation in connection to her disabilities, as well as her unlawful termination from employment on the basis of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto.

2.      In addition, Plaintiff initiates this action contending Defendant has violated her rights protected by the ADA and PFPO, by failing to hire her because of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto.

## PARTIES

3.      Plaintiff, Vanessa Ransom-Ellison, is a citizen of the United States and Pennsylvania, where she currently maintains a residence at 5409 W. Montgomery Avenue, #29, Philadelphia, PA 19131.

4.      Defendant, The Children's Hospital of Philadelphia, is a non-profit company organized and existing under the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 3401 Civic Center Boulevard, Philadelphia, PA 19104.

5.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

6.      Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7.      On or about June 5, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Philadelphia Commission on Human Relations ("PCHR"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as 530-2023-05689. Plaintiff's EEOC Charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

8.     By correspondence dated November 22, 2024, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

9.     Plaintiff filed the instant action within the statutory time frame applicable to her claims.

10.    Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

11.    This action is authorized an initiated pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

12.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as well as it is a civil rights action arising under the laws of the United States.

13.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as those claims arise out of the same common nucleus of operative facts as her federal claims.

14.    The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND**

15.    Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.    On or about June 3, 2019, Plaintiff began her employment with Defendant in the position of Pharmacy Technician.

17.    By way of background, Plaintiff suffers from anxiety and depression.

18.     Anxiety and depression constitute disabilities within the meaning of the ADA and PFPO in that they severely limit one or more of Plaintiff's major life activities.

19.     In addition, Defendant was sufficiently placed on notice of Plaintiff's disabilities, as Plaintiff had previously taken a medical leave of absence on or about July 28, 2022, until October 19, 2022, in connection with her disabilities.

20.     Shortly thereafter, on or about November 15, 2022, Plaintiff provided Defendant with her therapist recommended work restrictions, which included having a set schedule and not working later than 5:30pm for six months (November 2022 until May 2023).

21.     Notably, Defendant employed multiple Pharmacy Technicians who maintained set schedules.

22.     Upon information and belief, Defendant's other Pharmacy Technicians, who maintained a set schedule, did not do so at the recommendation of their therapists.

23.     Despite this, Defendant advised Plaintiff that it was unable to accommodate her work restrictions.

24.     Defendant did not engage in the interactive process with Plaintiff.

25.     On or about November 18, 2022, due to Defendant's refusal to accommodate Plaintiff's disabilities and/or engage in the interactive process to determine a reasonable accommodation, Defendant's third-party benefits coordinator, Sedgwick, took Plaintiff out of work on an involuntary medical leave of absence while it considered her request(s) to be reasonably accommodated.

26.     This involuntary leave of absence was scheduled to end on or about January 23, 2023.

27.     On or about December 23, 2022, Plaintiff received a Notice to Post from Defendant, indicating its "intention to post and hire for [Plaintiff's] job role of Pharmacy Tech."

28.     That same day, Plaintiff reached out to Jay Alston ("Mr. Alston"), Defendant's Human Resources Business Partner, asking him to provide her with adequate time, if possible, prior to her return-to-work date of on or about January 23, 2023.

29.     On or about December 29, 2022, Mr. Alston responded, informing Plaintiff that he "connected with [Plaintiff's] leaders and was told that there are currently no open Pharmacy Technician positions available since all openings have been posted and filled."

30.     Further, Mr. Alston told Plaintiff to apply for any open positions at Defendant for which she was qualified, including other roles in the Retail Pharmacy.

31.     Furthermore, Mr. Alston told Plaintiff that if she did apply for other roles, to let him know so that he could connect with Defendant's Talent Acquisition department and let them know to be on the lookout for Plaintiff's application.

32.     However, despite Mr. Alston telling Plaintiff that her position was filled, when Plaintiff looked at Defendant's website on or about December 29, 2022, her position was listed as open and that Defendant was actively hiring.

33.     Upon Plaintiff telling Mr. Alston this, he responded, "Yes, it is true that the position was posted on CHOP's hiring site and the team has been recruiting and hiring for this role. At this time, they have filled all available Pharmacy Technician and Pharmacy Logistics Technician roles. That post will be coming down as the position is not available and will not be available upon [Plaintiff's] scheduled return to work date."

34.     Taking Mr. Alston at his word, Plaintiff applied for the open position of Pharmacy Technician with Defendant on or about January 3, 2023.

35. However, Plaintiff did not get this position.

36. On or about January 23, 2023, Plaintiff applied for the position of Pharmacy Assistant/Logistics Technician with Defendant.

37. Again, Plaintiff did not get this position.

38. Then, on or about February 3, 2023, Plaintiff received a voice-mail message advising that her employment with Defendant was officially being terminated.

39. However, as of February 2, 2023, Defendant was still actively hiring Pharmacy Technicians, and maintained an ongoing need for Pharmacy Technicians, a position for which Plaintiff was qualified and previously held within Defendant.

40. In light of the foregoing, it is believed and therefore averred that Defendant failed to accommodate Plaintiff's request(s) for a reasonable accommodation in connection to her disabilities, and unlawfully terminated Plaintiff from employment on the basis of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto, in violation of the ADA and PFPO.

41. Additionally, it is further believed, and therefore averred, that Defendant failed to hire Plaintiff because of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto, in violation of the ADA and PFPO.

42. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE**

43.     Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

45.     At all times relevant hereto, Defendant employed at least fifteen (15) employees.

46.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

47.     Plaintiff's anxiety and depression qualify as disabilities within the meaning of the ADA.

48.     Plaintiff's anxiety and depression substantially limited her ability to engage in one or more major life activities for an extended period of time.

49.     Defendant was aware of Plaintiff's disabilities and need for a reasonable accommodation, record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

50.     Plaintiff requested a reasonable accommodation in connection with her disabilities.

51.     Defendant failed to accommodate Plaintiff's reasonable requests for an accommodation related to her disabilities.

52.     Additionally, Defendant failed to engage in the interactive process to discuss an alternative accommodation if it felt it could not accommodate Plaintiff's request.

53.     Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

54.     By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to accommodate Plaintiff's request(s) for a reasonable accommodation in connection to her disabilities, by failing to engage in the interactive process, and by unlawfully terminating Plaintiff from employment on the basis of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto.

55.     Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to hire Plaintiff because of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto.

56.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount;

E.      Such other and further relief as is just and equitable under the circumstances; and

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**
**Phila. Code §§ 9-1101, *et seq*.**
**<u>DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE</u>**

57.      Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58.      At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §§ 9-1101, *et seq*.

59.      Plaintiff is a qualified individual with a disability within the meaning of the PFPO.

60.      Plaintiff's anxiety and depression qualify as disabilities within the meaning of the PFPO.

61.      Plaintiff's anxiety and depression substantially limited her ability to engage in one or more major life activities for an extended period of time.

62.      Defendant was aware of Plaintiff's disabilities and need for a reasonable accommodation, record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the PFPO.

63.      Plaintiff requested a reasonable accommodation in connection with her disabilities.

64. Defendant failed to accommodate Plaintiff's reasonable requests for an accommodation related to her disabilities.

65. Additionally, Defendant failed to engage in the interactive process to discuss alternative accommodation if it felt it could not accommodate Plaintiff's request.

66. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

67. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the PFPO by failing to accommodate Plaintiff's request(s) for a reasonable accommodation in connection to her disabilities, by failing to engage in the interactive process, and by unlawfully terminating Plaintiff from employment on the basis of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto.

68. Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the PFPO by failing to hire Plaintiff because of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto.

69. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount;

E.    Such other and further relief as is just and equitable under the circumstances; and

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   _/s/ Mary Kramer_
          Mary Kramer, Esquire
          Eight Penn Center, Suite 2000
          1628 John F. Kennedy Blvd.

Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com

Dated: November 25, 2024                    *Attorneys for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical evidence and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.